IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE MONIE, | No. C 11-04701 CW (PR) |
| Petitioner, | ORDER DISMISSING PETITION WITHOUT PREJUDICE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS |
| v. | |
| CCI Warden FERNANDO GONZALES, PBSP Warden G. LEWIS, | (Docket no. 3) |
| Respondents. | |

Petitioner, a state prisoner currently incarcerated at Pelican Bay State Prison (PBSP), has filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his inability to earn time credits due to his validation as a gang associate and consequent indeterminate placement in the secured housing unit (SHU).

Specifically, Petitioner challenges the validity of California legislation enacted on January 25, 2010, which provides that, from that date, inmates housed in the SHU are no longer eligible to earn credits toward early release. See Cal. Pen. Code § 2933.6. Petitioner maintains that the law raises ex post facto concerns because at the time he plead guilty he was told he would be entitled to earn time credits while incarcerated, and because he was validated as a gang associate in 2007, before the law went into effect. Petitioner makes clear that he is not challenging the validity of his criminal conviction or his placement in the SHU.

Petitioner raised his ex post facto claim in a state habeas petition in superior court. That court denied the petition on August 10, 2011, finding no ex post facto violation. Petitioner did not seek further state habeas relief before filing the instant

petition.

Individuals in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c)); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Because Petitioner did not present his claims to the state supreme court for review, either in a petition for review or in a state petition for a writ of habeas corpus, his federal petition is unexhausted and must be DISMISSED. This dismissal is without prejudice to Petitioner returning to state court to exhaust his state remedies and then filing a new federal habeas corpus petition.

Leave to proceed in forma pauperis is GRANTED.

The Clerk of the Court shall enter judgment and close the file.

This Order terminates Docket no. 3.

IT IS SO ORDERED.

DATED: 10/26/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RONNIE MONIE,

        Plaintiff,

v.

FERNANDO GONZALES et al,

        Defendant.

Case Number: CV11-04701 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 26, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronnie Monie F12462
C10-219
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: October 26, 2011

    Richard W. Wieking, Clerk
    By: Nikki Riley, Deputy Clerk